Vanessa R. Waldref
United States Attorney
Eastern District of Washington
Jeremy J. Kelley
Devin C. Curda
Assistant United States Attorneys
Post Office Box 1494
Spokane, WA 99210-1494
Telephone: (509) 353-2767

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>      Plaintiff,<br><br>  v.<br><br>CHERYL LYNN OBERG,<br><br>      Defendant. | Case No.: 2:24-CR-0009-TOR-1<br><br>PROTECTIVE ORDER |

  The United States of America, having applied to this Court for a Protective Order regulating disclosure of the discovery materials and the sensitive information contained therein to defense counsel in connection with the Government's discovery obligations, and the Court finding good cause therefore, **IT IS HEREBY ORDERED**:

  1. The United States' Unopposed Motion for Protective Order Regulating Disclosure of Discovery and Sensitive Information is **GRANTED**.

  2. The United States is authorized to disclose the discovery including sensitive information and materials (hereinafter "Discovery") in its possession pursuant to the discovery obligations imposed by this Court.

Protective Order – 1

1         3.    Government personnel and counsel for Cheryl Lynn Oberg ("Defendant"), shall not provide, or make available, the sensitive information in the Discovery to any person except as specified in the Order or by approval from this Court. Counsel for Defendant and the Government shall restrict access to the Discovery, and shall only disclose the sensitive information in the Discovery to their client, office staff, investigators, independent paralegals, necessary third-party vendors, consultants, and/or anticipated fact or expert witnesses to the extent that defense counsel believes is necessary to assist in the defense of their client in this matter or that the Government believes is necessary in the investigation and prosecution of this matter.

          4.    Third parties contracted by the United States or counsel for Defendant to provide expert analysis or testimony may possess and inspect the sensitive information in the Discovery, but only as necessary to perform their case-related duties or responsibilities in this matter. At all times, third parties shall be subject to the terms of the Order.

          5.    Discovery in this matter will be available to defense counsel via access to a case file on USA File Exchange. If necessary to review discovery with their respective clients, defense counsel may download the discovery and duplicate only once. Discovery materials may not be left in the possession of Defendant. In order to provide discovery to a necessary third-party vendor, consultant, and/or anticipated fact or expert witness, counsel for Defendant may duplicate the discovery only once. No other copies may be made, by defense counsel or the Defendant, without prior approval from this Court.

          6.    All counsel of record in this matter, including counsel for the United States, shall ensure that any party, including the Defendant, that obtains access to the Discovery, is provided a copy of this Order. Any other party that obtains access to, or possession of, the Discovery containing discovery information once the other

Protective Order – 2

party no longer requires access to or possession of such Discovery shall promptly destroy or return the Discovery once access to Discovery is no longer necessary. No other party that obtains access to or possession of the Discovery containing sensitive information shall retain such access to or possession of the Discovery containing sensitive information unless authorized by this Order, nor further disseminate such Discovery expect as authorized by this Order or the further Order of this court. For purposes of this Order, "other party" is any person other than appointed counsel for the United States or counsel for Defendant.

7.   All counsel of record, including counsel for the United States, shall keep a list of the identity of each person to whom the Discovery containing sensitive information is disclosed and who was advised of the requirements of this Order. Neither counsel for Defendant nor counsel for the United States shall be required to disclose this list of persons unless ordered to do so by the Court.

8.   Upon entry of a final order of the Court in this matter and conclusion of any direct appeals, government personnel and counsel for Defendant shall retrieve and destroy all copies of the Discovery containing sensitive information, except that counsel and government personnel may maintain copies in their closed files following their customary procedures.

9.   Government personnel and counsel for Defendant shall promptly report to the Court any known violations of this Order.

**IT IS SO ORDERED.**   The District Court Clerk is hereby directed to enter this Order and provide copies to counsel.

**DATED** this 31st day of January 2024.



_____
THOMAS O. RICE
United States District Judge

Protective Order – 3